United States District Court
Southern District of Texas
**ENTERED**
September 13, 2017
David J. Bradley, Clerk

SEP 1 3 2017

Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN JOSE ESTRADA<br>Movant | §<br>§<br>§<br>§ | |
| vs. | § | MISC. ACTION NO. M-16-244 |
| | §<br>§ | |
| UNITED STATES OF AMERICA<br>Respondent | §<br>§ | |

## REPORT & RECOMMENDATION

Movant, proceeding pro se and *in forma pauperis* ("IFP"), filed a motion for return of property pursuant to FED. R. CRIM. P. 41(g), in connection to criminal case M-13-1584, which involved weapons and ammunition trafficking. This miscellaneous action was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

In his motion, Movant acknowledges that his motion is civil in nature, and he requests that the Court order Respondent to return a long list of seized items, including weapons, ammunition, various weapon parts, protective gear, and currency. (Dkt. Entry No. 1 at 2.)

After review of the record and relevant law, the undersigned respectfully recommends that Movant's Rule 41(g) Motion for Return of Property be **DISMISSED** without prejudice for want of prosecution and for failure to comply with the local rules. It is further recommended that this miscellaneous action be closed.

### I. BACKGROUND

Movant filed this motion in February 2016. Movant was ordered to pay the filing fee or an application for leave to proceed IFP. In response, he submitted IFP documentation, but it was

1

incomplete. Movant was then ordered to file documents necessary for determining his eligibility to proceed IFP. In December 2016, Movant sent a letter to the Court asking for a ruling or update about his case. Movant's request to proceed IFP was then granted. He has not communicated with the Court since December 2016, and his mail is being returned as undeliverable. It appears from the criminal and civil dockets sheets that Movant has been released from federal prison since he filed this action. (*See* Civ. Dkt. Entry Nos. 14–16.) He has not provided a current address to the Clerk of the Court.

## II. APPLICABLE LAW & FINDINGS

Under Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss an action for failure to prosecute or for failure to comply with a court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 70 U.S. 626, 630–31 (1962)); *see* Fed. R. Civ. P. 41(b) (discussing involuntary dismissal of actions). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link*, 70 U.S. at 629–31.

The undersigned finds that Movant's Motion for Return of Property should be dismissed without prejudice for the following reasons. First, Movant has not communicated with the Court about his case since December 2016. Second, he has not provided a current address to the Clerk of the Court, and his mail is being returned as undeliverable.

The combination of Movant's lack of communication and failure to maintain a current address with the Court provides an adequate basis for dismissal of Movant's Rule 41(g) Motion for Return of Property without prejudice for want of prosecution and failure to comply with the local rule requiring him to maintain a current address with the Court . *See Larson v. Scott*, 157 F.3d 1030,

1032 (5th Cir. 1998) (affirming dismissal without prejudice of prisoner's action for want of prosecution where the litigant was given four months to respond to a court order, yet failed to do so, and the court warned the litigant that failure to respond could result in dismissal). Moreover, a sanction less drastic than dismissal is futile at this point because Movant has not informed the Court of his current address, which means his whereabouts are unknown.

## III. CONCLUSION

### *Recommended Disposition*

After careful review of the record and applicable law, the undersigned respectfully recommends that Movant's Rule 41(g) Motion for Return of Property be **DISMISSED** without prejudice for the reasons explained in this Report. It is also recommended that this miscellaneous action be closed.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's objections within 14 days after being served with a copy thereof. The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of

factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to Movant by any receipted means.

**DONE** at McALLEN, Texas, this 13th day of September, 2017.

_____
Dorina Ramos
UNITED STATES MAGISTRATE JUDGE